IN RE: Robert MADDEN, Jr. and Melanie Madden, Debtors.

Case No. DG 13-00131

United States Bankruptcy Court, W.D. Michigan.

Signed November 17, 2017

Amanda Bannikov, Mapes Law Offices, Grand Rapids, MI, Jeffrey D. Mapes, Jeffrey D. Mapes, PLC, Grand Rapids, MI, for Debtor.

Cody H. Knight, Rayman & Knight, Kalamazoo, MI, for Trustee.

## ORDER REGARDING ARREST WARRANTS

PRESENT: HONORABLE SCOTT W. DALES, Chief United States Bankruptcy Judge

The court issued its Order Granting Motion for Order of Civil Contempt Against Debtors (ECF No. 111, the "Contempt Order"), which chapter 7 trustee Thomas C. Richardson ("Trustee") caused to be duly served on the Debtors at their address of record, and another address. *See* Fed. R. Bankr. P. 4002(a)(5) (requiring each debtor to file any change of address with the court). The court issued the Contempt Order because the Debtors have refused to comply with the Order Granting Motion for Turnover (ECF No. 106, the "Turnover Order"), which required them to remit or otherwise account for all post-petition inheritances.

In its Contempt Order, in an effort to give the Debtors an opportunity to purge their contempt, the court briefly postponed the $25.00 *per diem* sanction, a signal of the court's restraint, and required them to appear in court on November 16, 2017, to demonstrate that they have complied with the Turnover Order and purged their contempt. They did not appear in court as ordered. At the hearing on November 16, 2017, the Trustee's counsel reluctantly asked the court to issue arrest warrants, as the court is authorized to do when enforcing its orders.

Given the Debtors' disturbing history of disobedience of the court's prior orders in this matter, the court is inclined to direct the United States Marshal to

arrest them to compel compliance with the Turnover Order. As the Sixth Circuit observed earlier this week, "[t]he contempt power ensures that the judiciary's mandates are authoritative rather than advisory." *Gascho v. Global Fitness Holdings, LLC,* Slip Op. Nos. 17–3577/ 3578/ 3579/ 3804/3805/3821/3822/3825/3826/3827, 875 F.3d 795, 2017 WL 5474427 (6th Cir. Nov. 15, 2017). Recognizing, however, the substantial impact that the arrest and prehearing detention will have on the contemnors, the court will stay its hand, once more, and refrain from issuing the arrest warrants until after Thanksgiving, to give them a last opportunity to purge their contempt and avoid arrest and incarceration.

Accordingly, the court will issue two arrest warrants, one for each Debtor, promptly after Monday, November 27, 2017, unless the Trustee files a declaration before that time establishing that the Debtors have purged their contempt.

The court urges the Debtors to contact the Trustee, but assures them that it will not hesitate to compel compliance through arrest if necessary. The Turnover Order is not advisory, and the Debtors should not mistake the court's current restraint for indecision.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall transmit to the United States Marshall two arrest warrants, signed by the court, directing the United States Marshall to apprehend Robert and Melanie Madden and bring them bodily before the court for a hearing at the court's convenience to compel their obedience to the Turnover Order, unless the Trustee files a declaration on or before November 27, 2017, stating that the Debtors have purged their contempt.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order Regarding Arrest Warrants pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon Cody Knight, Esq., the United States Trustee, and upon the Debtors by first class mail addressed to them at the following addresses: